UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| REUBEN WEBB, | Case No. 6:23-cv-01636-MC |
|     Plaintiff, | ORDER OF DISMISSAL |
| v. | |
| HEIDI MILLER-SALTARELLO; TIA BULLOCK; CARRIE COFFEY; WARREN G. ROBERTS; JOE BUGHER; KAREN WRIGHT, DANNA FLEENER and JOHN/JANE DOE(S), all in their individual and official capacities, | |
|     Defendants. | |

MCSHANE, Chief Judge.

    Plaintiff, an adult in custody (AIC) with the Oregon Department of Corrections (ODOC), brings this civil rights action pursuant to 42 U.S.C. § 1983 and alleges that Defendants exhibited deliberate indifference to his health by failing to provide adequate medical treatment for a knee injury. Plaintiff's allegations were deficient in several respects, and he was allowed the

- 1 -    ORDER OF DISMISSAL

opportunity to amend his Complaint. Plaintiff timely filed an Amended Complaint, and it fails to cure the deficiencies of his claims.

Like Plaintiff's original Complaint, Plaintiff's Amended Complaint does not allege facts suggesting that any of the named Defendants had the requisite culpable mental intent to establish deliberate indifference, i.e., that they knew of and deliberately disregarded an excessive risk to Plaintiff's health. As the Court previously explained, Plaintiff's allegations reflect that he received extensive medical care to treat his injury, including examinations by an outside specialist, x-ray and MRI imaging, meniscus and ACL repair surgery, and some physical therapy sessions. First Am. Compl. ¶¶ 18, 23, 27-28, 36-37, 41, 54, 57-58, 78, 79, 86. Specifically, Miller-Saltarello ordered an x-ray and provided medical treatment the day after Plaintiff's injury, referred Plaintiff for outside orthopedic consultations, presented the orthopedist's recommendation for an MRI to the Therapeutic Level of Care (TLC) Committee for approval, ordered the MRI at an outside medical facility, ordered follow-up appointments with the orthopedist, ordered knee surgery at the orthopedist's recommendation, and submitted Plaintiff's post-surgical request for an ACL brace to the TLC Committee. *Id.* ¶¶ 18, 26, 29, 31, 38-40, 62, 71, 93.

Granted, Plaintiff alleges that his MRI was delayed for several months due to errors by Miller-Saltarello and ODOC employees who schedule outside medical appointments. *See id.* ¶¶ 43, 47, 53. While Plaintiff's allegations could state a claim for negligence or medical malpractice, they fall short of the "high legal standard" necessary to establish deliberate indifference. *See Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004) ("A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment."). For example, the Ninth Circuit has found an inference of deliberate

indifference where a prison physician falsely informed the plaintiff that a follow-up appointment was scheduled and edited his medical notes to downplay the plaintiff's injury. *Jett v. Penner*, 439 F.3d 1091, 1097-98 (9th Cir. 2006). The Ninth Circuit has also found that a five-month delay in obtaining an MRI could constitute deliberate indifference when the record raised an inference that the defendants purposefully prevented the MRI by transferring the plaintiff to another facility on the day of his appointment. *Egberto v. Nevada Dep't of Corr.*, 678 Fed. App'x 500, 503 (9th Cir. Feb. 6, 2017).

Unlike those cases, Plaintiff's allegations reflect that Miller-Saltarello continued to note Plaintiff's need for an MRI and surgery, and Plaintiff does not allege facts suggesting that the delayed MRI was motivated by improper animus or conscious disregard of Plaintiff's condition. First Am. Compl. ¶¶ 38-40, 44-45, 55-56, 71. Even if Plaintiff's treatment was negligent, the alleged facts do not give rise to an inference of deliberate indifference.

Plaintiff also alleges that Miller-Saltarello reduced his narcotic pain medication and discharged him from the infirmary the day after surgery, and that unidentified ODOC officials failed to approve or provide a knee brace or the recommended number of physical therapy sessions. *Id.* ¶¶ 82, 86, 94, 104. Again, these allegations imply negligence or differences of medical opinion and do not rise to the level of deliberate indifference.

Finally, Plaintiff's claims against Defendants Bullock, Coffey, Roberts, Bugher, Wright, and Fleener arise from their supervisory roles or their responses to Plaintiff's grievances and inmate communications. Plaintiff fails to allege facts plausibly suggesting that these Defendants, by responding to his grievances or communications, personally participated in and caused Plaintiff's alleged constitutional deprivation. Liability under § 1983 arises upon a showing of personal participation by each defendant, and a supervisor is not liable for the constitutional

violations of employees unless the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff does not allege that any of these Defendants personally denied, delayed, or interfered with his medical treatment.

## CONCLUSION

Plaintiff fails to allege viable claims for deliberate indifference under § 1983, and further amendment would be futile. This action is DISMISSED.

IT IS SO ORDERED.

DATED this 7th day of March, 2024.

s/ Michael J. McShane  
MICHAEL J. MCSHANE  
United States District Judge